**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARTINA FORD, *et al*. | : | |
| v. | : | Civil No. CCB-06-2134 |
| BALTIMORE CITY DEPARTMENT OF SOCIAL SERVICES, *et al*. | : | |

**MEMORANDUM**

Currently pending before the court is the plaintiffs' motion to remand this case to state court. The parties have fully briefed the motion and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the motion will be granted.

**BACKGROUND**

On July 11, 2005, Martina Ford, individually and on behalf of her minor children, Brandon and Naya Williams ("minor plaintiffs"), filed suit in Baltimore City Circuit Court alleging numerous state tort and federal 28 U.S.C. § 1983 claims. The plaintiffs' action stems from abuse suffered by Ford's two-year-old child, Brandon Williams, while entrusted to the custody of Baltimore City Department of Social Services ("DSS") and living in foster care at the home of defendant Chloe Jones.

Ford alleges DSS and its employees failed to ensure minor plaintiffs were placed in a safe foster-care environment as required by state and federal law, by improperly investigating Chloe Jones as a foster parent and neglecting to monitor the children in her home. (Orig. Compl. ¶ 44-69.) The complaint further alleges that Chloe Jones negligently left minor plaintiffs with her teenage daughter, Latisha Jones, who caused Brandon severe bodily injuries, leaving him

disabled and in need of lifetime medical care. (Orig. Compl. ¶ 24-37.)

Since the initial filing, the plaintiffs have submitted amended complaints on four separate occasions, changing both the number of claims and defendants. The nature of the suit, however, has remained the same, as has the majority of the original defendants, including DSS, its employee George Mitchell, and Chloe and Latisha Jones. These four original defendants were served between July 15 and August 8, 2005, with none seeking to remove to federal court at that time. (Def.'s Mot. to Remand at 3.)

After almost a year of litigation in state court, the plaintiffs filed their most recent complaint in this action on June 27, 2006, in which they added as a defendant Longworth Johnson, also a DSS employee. (*See* Pls.' First Supplementation of 3rd Amend. Compl.) Within thirty days of service, Johnson filed a notice of removal in state court under 28 U.S.C. § 1441 and 1446, to which all defendants have consented. Thereafter, the plaintiffs filed a timely motion to remand pursuant to 28 U.S.C. § 1447 based on lack of valid consent by the original defendants.

**ANALYSIS**

The federal removal statute, 28 U.S.C. § 1446, provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

To determine whether removal under 28 U.S.C. § 1446(b) is timely when a plaintiff sues multiple defendants, the Fourth Circuit follows the rule set forth in its opinion in *McKinney v. Bd. of Tr. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992), which held that "individual defendants have thirty days from the time they are served with process or with a complaint to

join in an otherwise valid removal petition."[1]  Unlike the case at hand, *McKinney* did not involve a first-served defendant who failed to file a timely notice of removal.  *See id.* at 925.  Nevertheless, the Fourth Circuit addressed the present scenario in a footnote, remarking that "the law is settled" as to whether a later-served defendant ("B") can properly remove if served more than thirty days after the first-served defendant ("A"): "[I]f A does *not* petition for removal within 30 days, the case may not be removed."  *Id.* at 926, n.3.

In this case, DSS, its employee George Mitchell, and Chloe and Latisha Jones ("the original defendants") were all served between July 15 and August 8, 2005, at which time none filed a notice of removal.  According to *McKinney*'s logic, therefore, the failure of these original defendants ("A") to remove or consent to removal within thirty days of receipt of service of the initial complaint renders Johnson's removal invalid.  *See id.*

The court declines the defendants' request to disregard Fourth Circuit dictum in favor of the more liberal "last-served" defendant rule followed by the Sixth and Eighth Circuits.  *See Marano Enterprises v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).  *McKinney* remains good law in this circuit as no Supreme Court or Fourth Circuit case has overruled the opinion or

---

[1] *McKinney* is one of three different rules courts have devised to determine whether removal under 28 U.S.C. § 1446(b) is timely when multiple defendants are involved.  Under the stricter "first-served" defendant rule, first espoused by the Fifth Circuit, removal by any defendant is valid only if filed within thirty days of the date that the first-served defendant is served.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988).  By contrast, pursuant to the more liberal "last-served" defendant rule, followed by the Sixth and Eighth Circuits, any defendant can initiate removal within thirty days of receipt of service, provided all defendants consent.  *See Marano Enterprises v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

dictum contained therein.[2] Moreover, even "dictum from the court of appeals should be considered presumptively correct by the district courts within that circuit," and should be disregarded "[o]nly when a district court is convinced that its court of appeals' dictum is clearly incorrect." *Branch v. Coca-Cola Bottling Co. Consol.*, 83 F. Supp. 2d 631, 635 (D.S.C. 2000) (Shedd, J.). Consequently, the vast majority of district courts in this circuit continue to apply the *McKinney* rule. *See, e.g.*, *Guyon v. Basso*, 403 F. Supp. 2d 502, 509-10 (E.D. Va. 2005); *Superior Painting & Contract v. Walton Tech.*, 207 F. Supp. 2d 391, 392-93 (D. Md. 2002); *Branch*, 83 F. Supp. 2d at 635-37; *see also Jackson v. John Akridge Mgmt. Co.*, 2006 WL 66669, at *2-3 (D. Md. 2006); *Dansberger v. Harford County Educ. Ass'n, Inc.*, 2000 WL 1593486, at *2-3 (D. Md. 2000). *But see Ratliff v. Workman*, 274 F. Supp. 2d 783, 789-791 (S.D.W. Va. 2003).[3]

The *McKinney* holding assumed an "otherwise valid removal petition" that a later-served defendant could join pursuant to the judicially imposed "rule of unanimity," which requires the

---

[2] This court is unpersuaded by the defendants' argument that the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing. Inc.*, 526 U.S. 344 (1999), necessitates rejection of *McKinney*. The Supreme Court in *Murphy* held that informal service by way of a "faxed 'courtesy copy' of the file-stamped complaint" did not trigger the thirty-day removal period under 28 U.S.C. § 1446(b), emphasizing that "service of process is fundamental to any procedural imposition on a named defendant." *Id.* at 348-50. In the present case, however, the original defendants were properly served and elected to proceed in state court, knowingly forgoing their only opportunity to remove or consent to removal. *Murphy* does not dictate that Johnson should now, a year later, have the ability to change the original defendants' initial decision. *See, e.g.*, *Branch*, 83 F. Supp. 2d at 636 (rejecting defendants' suggestion that "later-served defendants should be given an opportunity to attempt to change the decision of a previously served defendant that chose not to remove").

[3] While I respect Judge Goodwin's thoughtful reasoning in *Ratliff*, I cannot agree that *Murphy* permits a district court to adopt a rule clearly at odds with the explicit direction in *McKinney*. *See Guyon*, 403 F. Supp. 2d at 508, n.10.

unanimous consent of all defendants for removal to federal court. *See* 955 F.2d at 928; *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 (E.D. Va. 1992). By failing to timely file a notice to remove, however, the original defendants in this case chose to proceed in state court, a decision that destroys the unanimity requirement and precludes the possibility of removal by later-served defendants, such as Johnson.[4]

After over a year of litigation in state court involving discovery and motions to dismiss, permitting removal at this point would provide the defendants with an unfair tactical advantage and would waste judicial resources, undermining the purposes of the thirty-day procedural requirement. *See Lovern v. Gen. Motors Corp.*, 121 F. 3d 160, 163 (4th Cir. 1997) (explaining that the goal of 28 U.S.C. 1446(b) is to prevent "undue delay in removal and the concomitant waste of state judicial resources"). Moreover, the removing party bears the burden of proving removal is appropriate, with any doubts resolved in favor of remanding to state court. *See, e.g.*, *Guyon*, 403 F. Supp. 2d at 505; *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 933 (D. Md. 1997). Therefore, because the original defendants to the initial complaint failed to timely file a notice of removal, this case must be remanded to state court.

---

[4] The defendants suggest, in the alternative, that the nature of the plaintiffs' complaint has changed with the addition of Johnson as a defendant so as to revive their right of removal. This so-called "revival exception" permits a defendant to file a notice of removal outside 28 U.S.C. § 1446(b)'s thirty-day period when a "complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *See Korzinski v. Jackson*, 326 F. Supp. 2d 704, 707 (E.D.N.C. 2004). Assuming the Fourth Circuit recognizes such an exception, however, it would not apply in this case. All of the plaintiffs' complaints consistently have alleged that DSS and its employees failed to ensure minor plaintiffs were placed in a safe foster-care environment by, for example, improperly investigating Chloe Jones as a foster parent and neglecting to monitor the children in her home. (Orig. Compl. ¶ 44-69.) The addition of Johnson as a defendant does not change the scope of the plaintiffs' suit as the allegations against him are substantially similar to those against other DSS employees contained in previous complaints.

A separate order follows.

November 13, 2006
Date

/s/
Catherine C. Blake
United States District Judge