IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Martina Ford, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 06-CCB-2134 |
| Baltimore City Department of Social Services, et al., | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING APPEAL

Defendants, Longworth Johnson and the Baltimore City Department of Social Services ("BCDSS"), by and through undersigned counsel and in accordance with Fed. R. App. P. 8(a) and Local Rule 105, hereby submit this memorandum in support of their motion to stay pending appeal.

### STATEMENT OF PROCEDURAL HISTORY

On August 15, 2006, Defendant Longworth Johnson ("Johnson"), filed a timely notice of removal of this action from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland. In accordance with 28 USC § 1446(b), all other defendants in this action submitted notices of consent to the removal on or before August 17, 2006, within thirty days of service of process on Johnson. Plaintiff responded by filing a motion to remand in which she asserted that this Court is bound by the Fourth Circuit's dicta

in *McKinney*[1], and that the "first-served defendant" rule is settled law in this district. Johnson filed a response and opposition to the motion to remand, noting that, in fact, the "first-served defendant" rule has never been adopted by the Fourth Circuit, that its rationale has been largely rejected since the *McKinney* decision, that it is not supported by the policy considerations recognized by the Fourth Circuit in *McKinney*, and that it is inconsistent with the better-reasoned, more enlightened trend favoring the "later-served defendant" rule. On November 13, 2006, this Court issued a Memorandum Opinion and Order granting plaintiff's motion and remanding this action to the state court. On November 30, 2006, Johnson filed a Notice of Appeal of this Court's decision to the United States Court of Appeals for the Fourth Circuit. The pendency of that appeal of the remand necessitates the need for a stay of proceedings in the Circuit Court, and therefore a stay of this Court's decision.

It is respectfully submitted that the intended removal of this action raises substantial issues which involve fundamental due process rights, and which have led to a considerable split of authority even within the Fourth Circuit. Further, the requested stay pending an appeal of this Court's decision would satisfy all the criteria for an appellate stay, including the balance of harms, likelihood of success, and the public interest.

**STANDARDS GOVERNING THE ISSUANCE OF A STAY**

"[T]he factors regulating the issuance of a stay are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant

---

[1] *McKinney v. Bd. of Tr. of Md. Cmty. Coll.*, 955 F. 2d 924, 928 (4th Cir. 1992).

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119 (1987) (citing, *inter alia*, *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F. 2d 921, 925 (1958). There need not be a "mathematical probability" of success on appeal, and the "necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F. 2d 841, 843 (D.C. Cir. 1977) (cited with approval in *Braunskill*, 481 U.S. at 776).

"Irreparable harm to the party seeking the stay and harm to the opponent of the stay are the most important factors in deciding whether to grant the stay motion," and if "the balance of hardships favor[s] the appellants, the burden of showing likelihood of success on the merits" is "correspondingly diminished and the appellants need only show grave or serious questions for litigation." *Belk v. Charlotte-Mecklenburg Bd. Of Educ.*, 211 F. 3d 853, 855 (4th Cir. 2000) (*en banc*) (Wilkinson, C.J., concurring). Indeed, the movant may . . . have his motion granted upon a lesser showing of a substantial case on the merits when the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting the stay." *Garcia -Mir v. Meese*, 781 F. 2d 1450, 1453 (11th Cir. 1986).[2]

---

[2] *Accord* 16A Wright, Miller & Cooper, Federal Practice & Procedure § 3954 ("If the balance of hardships tips decidedly in favor of the party seeking a stay, it may be [a] sufficient showing on the merits to show the existence of serious legal questions.") Similarly, in *Long v. Robinson*, where the Fourth Circuit first applied the *Virginia Petroleum Jobbers* test later

## ARGUMENT

**A.    In The Absence Of A Stay, Defendant Johnson Will Be Irreparably Injured.**

Defendant Johnson seeks to maintain the *status quo* pending his appeal and, indeed, a stay is necessary and appropriate to preserve his right to a meaningful appeal on an issue involving his important right to substantive and procedural due process. As the Supreme Court has stated "[w]e read Congress' provisions for removal in light of a bedrock principle: an individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . ." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

As this Court is aware, the Eighth Circuit has found the holding in *Murphy Bros.* incompatible with the "first-served" rule and any other interpretation of §1446(b) that does not allow a later-named defendant the same removal rights enjoyed by his original co-defendants. *See Marano Enterprises v. Z-Teca* Restaurants, 254 F. 3d 753, 756-57 (8th Cir. 2001); *see also Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F. 3d 527, 532 (6th Cir. 1999). The Fourth Circuit has never had an opportunity to review the specific constitutional issue arising here, nor has it had a chance to review its 1992 dictum in *McKinney* in light of

---

adopted by the Supreme Court, Judge Winter performed "a balancing" of all four factors even though he had concluded that the "probability of success on appeal is not substantial". *Id.*, 432 F. 2d 977, 980-81 (4th Cir. 1970).

the Supreme Court decision in *Murphy Bros.* However, an immediate remand of this action would likely lead to the entry of a state court judgment before the Fourth Circuit could act, and Johnson would be deprived forever of any meaningful opportunity to obtain review of his right to removal under the principles articulated in *Murphy Bros.*

A stay of the effect of this Court's order pending appeal is also necessary to avoid the waste of judicial resources associated with parallel proceedings in the state and federal courts. Entry of a stay would also serve to prevent a costly and unnecessary re-trial of this case in federal court in the event of an appellate court ruling in favor of Johnson.

**B.    A Stay Will Not Substantially Injure Plaintiff Because Her Right To Conduct Discovery In The State Court Has Expired Long Ago.**

Conversely, the plaintiff is unlikely to suffer any real injury from a stay of the effect of this Court's order. Indeed, at this point in the state proceedings, plaintiff has no additional right to discovery and no trial date for which to be prepared. The state court's original discovery deadline of May 29, 2006, and the extended deadline of August 14, 2006, have come and gone. Moreover, as of this date, the state court has not agreed to or allowed another such extension. (*See* state court Pre-Trial Scheduling Orders, Exhibits A and B.). With this matter no longer scheduled for trial, or even subject to a pre-trial scheduling order, there is simply no credible basis for plaintiff to argue that a stay would be prejudicial to her right (and her ability) to prosecute this action in state court. Indeed, with this case in limbo in the state court, the circumstances are ideal for an appropriate review of Johnson's removal

rights, and his due process rights, in light of the prior rulings in *McKinney, Murphy Bros., Marano Enterprises, Brierly,* and *Ratliff*[3]

**C.     The Likelihood Of Success On The Merits Warrants A Stay.**

Although appeal of a decision denying removal is generally prohibited by 28 US § 1447(d), that statute has been narrowly construed and is subject to numerous exceptions.  As the Tenth Circuit has declared:

> [T]he threshold question in an appeal of a remand order is whether the district court's decision is reviewable notwithstanding the proscription set forth in 28 U.S.C. § 1447(d) . . . . [I]t is well settled that § 1447(d) prohibits only the review of remands based on grounds specified in § 1447(c) . . . . Thus, the only remands immune to appellate review are those based on lack of subject matter jurisdiction and defects in the removal procedure . . . . Remands based on a merits determination of a nonjurisdictional issue are fully appealable.

*American Soda, LLP v. U.S. Filter Wastewater Group,* 428 F.3d 921, 924 (10th Cir. 2005).

There is no question that this Court has subject matter jurisdiction over this federal civil rights claim against Johnson under 42 USC § 1983.  Moreover, this Court's decision was based, not on a defect in the statutory removal procedure (there is no question that Johnson filed a proper, timely Notice of Removal, which was consented to by the co-defendants in a timely manner), but on the application of the "rule of unanimity".  This rule is nowhere to be found in the statutorily imposed removal procedure and, indeed, has been determined to be a judicially imposed rule rather than a procedural requirement.  *See*

---

[3] *Ratliff v. Workman*, 274 F. Supp. 2d 783 (S.D. W. Va. 2003).

*Marano,* 254 F.3d at 754 (citing *Chicago, Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251, 20 S. Ct. 854 (1900).

If the Fourth Circuit, as it can and should, reviews the decision of this court, it will address an issue that is now far from settled, and ripe for clarification at the appellate level. Moreover, in doing so the Fourth Circuit would not be constrained by its own dictum in reviewing the important issues (constitutional and otherwise) involved in the interpretation of the federal removal statutes.

In its Memorandum Opinion, this Court declined Defendants' request to take a fresh look at Johnson's removal rights in light of the decisions in *Ratliff, Brierly* and *Marano Enterprises,* declaring that even the dictum in *McKinney* is presumptively correct and that, therefore, "this case must be remanded to state court" (Mem. Opinion at 3-5). The Court acknowledged, however, that "*McKinney* did not involve a first-served defendant who failed to file a timely notice of removal," and that the *McKinney* rule is "one of three different rules courts have devised to determine whether review under 28 USC § 1446 (b) is timely." (Mem. Opinion at 3). This Court did not dispute the undeniable fact that dictum in *McKinney* was based on the Fourth Circuit's analysis of the "settled law" as of 1992, that the law in this area is no longer settled, and, in fact, that the case law has developed in the last 15 years toward a far greater recognition of the legitimate removal rights of a later-served (and later-named) defendant.[4]

---

[4] Left unstated here is the profound injustice inherent in the *McKinney* rule. That rule, for instance, does not address the common scenario where the specific factual allegations against the

While the facts and issues here are different from those in *McKinney*, the fundamental principles and policy considerations articulated by the Fourth Circuit are not. As the *McKinney* court noted:

> the plaintiff's policy concern only looks at forum selection from a plaintiff's point of view, assuming there is something inherently bad about removal and "defeating' the plaintiff's choice of forum. To the contrary, by providing for removal in the first place, Congress seems to believe that the defendant's right to remove a case . . . is at least as important as the plaintiff's right to the forum of his choice. Rather than favoring plaintiffs or defendants . . . the removal procedure is intended to be "fair to plaintiffs and defendants alike" . . . . Congress created the removal process to protect defendants.

*McKinney*, 955 F. 2d at 927-28.

While the specific facts before the Supreme Court in *Murphy Bros.* were also different than those presented here, the overriding principles laid down by the Court are consistent with those recognized in *McKinney*. As the Supreme Court in *Murphy Bros.* noted, "[w]hen Congress enacted § 1446(b), the legislators did not endeavor to break away from the traditional understanding [that a defendant's rights cannot be stripped away before he has had notice and a fair opportunity to respond even to civil claims against him]." *Id.*, 526 U.S. at 351, 119 S. Ct. at 1327. Indeed, this fundamental principle of due process formed the basis for the decision in *Murphy Bros.*, which was articulated in the simple, unequivocal language: "[w]e hold that a named defendant's time to remove is triggered by

---

originally-served defendant are far different from the charges against a later-named defendant, who must address very different legal issues in determining whether to exercise his right to removal.

simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . ." *Id.*, 526 U.S. at 347-48, 119 S. Ct. at 1325.

Most courts which have considered the "first-served" rule since *Murphy Bros.* have found the rule incompatible with the holding in *Murphy Bros.* and with the fundamental due process principles for which it stands. *See Griffith v. American Home Products Corp.*, 85 F. Supp. 2d 995, 1000-1001 (E.D. Wash. 2000) ("[t]he court believes that the Supreme Court's decision in *Murphy Brothers* casts doubt on the continuing validity of the first-served defendant rule to the extent that [*Murphy Brothers*] stands for the proposition that the removal statute should not be so strictly construed as to deny defendants significant procedural rights before becoming parties to an action."). Indeed, there is absolutely nothing in 28 USC § 1446 (b) to support the conclusion that the decision whether to remove an action rests exclusively with the first-served defendant. *See Brierly*, 184 F. 3d at 533 and *Griffith*, 85 F. Supp. 2d at 1001. As these courts have noted, if Congress had intended to vest the first-served defendant with the sole authority to remove an action, it could easily have done so. Since it did not, however, to reach the position espoused by the plaintiff here, this court has to read into § 1446(b) the words "first-served" in front of defendant. As this Court knows, it is not within the judicial province to read such meaning into the language of a statute

As noted, the *McKinney* dictum by which this Court is bound is almost 15 years old, and the legal landscape has changed dramatically since 1992. Indeed, since that date, a clear modern trend has emerged which provides that each defendant in a multi-defendant action is entitled to thirty days after service *upon him* to remove an action, and that earlier served defendants have a right to respond to the evolving evidence by consenting to the removal, just as plaintiffs have a right to add defendants in response to newly-discovered evidence. During this period, however, the Fourth Circuit has not had an opportunity to address head-on the issues related to removal rights in multi-defendant cases. The appellate court should be given an opportunity to address the conflict among the circuits, and within this circuit, on the issue - and to consider the merits of the emerging trend in this area. Given the overriding principles which the Fourth Circuit has laid down in *McKinney*, and the fundamental due process rights for which *Murphy Bros.* stands, the Fourth Circuit might well choose to follow the modern trend toward real protection of the removal rights of all defendants, not just the defendant who happens to have been served first.

**D.     A Stay Will Serve The Public Interest.**

As our society becomes ever more litigious, the corresponding need to preserve our limited judicial resources has increasingly become a matter of public concern. A stay of further proceedings pending appeal would serve the public interest by eliminating the inefficiency associated with simultaneous, parallel proceedings in state and federal court. Moreover, a stay is appropriate because the matters remaining to be litigated in the state

court are intertwined with, and will be affected by, the issue to be considered on appeal. Under the circumstances, the parties should be spared the time and expense of engaging in proceedings that may prove to be unnecessary, particularly in the event of an appellate ruling favorable to Johnson.

## CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Stay Pending Appeal should be granted.

Respectfully Submitted,
/s/
_____
DAVID E. BELLER
Assistant Attorney General
Federal Bar No. 00500
(Signed with permission)
/s/
_____
PHILIP H. LOHREY, JR.
Assistant Attorney General
Federal Bar No. 03547
/s/
_____
KIMBERLY SHEARIN-COTTON
Assistant Attorney General
Federal Bar No. 14016
(signed with permission)
Saratoga State Center
311 West Saratoga Street, Suite 1015
Baltimore, Maryland 21201
410-767-7726
Fax: 410-333-0026
ATTORNEYS FOR DEFENDANTS
LONGWORTH JOHNSON AND
BCDSS