IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTINA FORD, *et al*.

    v.                                                                                  Civil No. CCB-06-2134

BALTIMORE CITY DEPARTMENT
OF SOCIAL SERVICES, *et al*.

## MEMORANDUM

On November 13, 2006, this court remanded the present case to Baltimore City Circuit Court. Plaintiffs have appealed the remand order to the United States Court of Appeals for the Fourth Circuit. Currently before the court is defendants' Motion to Stay state proceedings pending resolution of their appeal. The parties have fully briefed the motion and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, plaintiffs' motion will be denied.

## BACKGROUND

Martina Ford, individually and on behalf of her minor children, Brandon and Naya Williams ("minor plaintiffs"), alleges state tort and federal 28 U.S.C. § 1983 claims against defendants for severe bodily injuries suffered by Ford's two-year-old child, Brandon Williams, while entrusted to the custody of Baltimore City Department of Social Services ("DSS") and living in foster care at the home of defendant Chloe Jones. Since the initial filing, plaintiffs have submitted amended complaints on four separate occasions, most recently adding as a defendant Longworth Johnson, a DSS employee. (*See* Pls.' First Supplementation of 3rd Amend. Compl.) Although none of the original defendants pursued removal following initiation of the present

1

suit, Johnson filed a notice of removal within thirty days of service of plaintiffs' Third Amended Complaint, to which all original defendants thereafter consented.

Plaintiffs subsequently filed a timely motion to remand pursuant to 28 U.S.C. § 1447 based on lack of valid consent by the original defendants. This court granted the plaintiffs' motion on November 13, 2006 and remanded the case to Baltimore City Circuit Court, holding that the original defendants' failure to timely remove precluded the possibility of removal by later-served defendants according to the Fourth Circuit's interpretation of the language and underlying goals of 28 U.S.C. § 1446(b). On November 30, 2006, defendants filed a Notice of Appeal of the remand order to the United States Court of Appeals for the Fourth Circuit. Defendants now ask this court to stay the remand order and any state proceedings pending appeal.

## ANALYSIS

In determining whether to stay proceedings pending an appeal, a court generally considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Brunskill*, 481 U.S. 770, 776-77 (1987); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Plaintiffs in the present case, however, argue that 28 U.S.C. § 1447(d) divests both this court and the Fourth Circuit of jurisdiction to review the remand order. Thus, the plaintiffs contend not only that this court lacks jurisdiction to issue a stay, but also that the defendants have no likelihood of success on the merits, because the Fourth Circuit is precluded from entertaining their appeal.

> 28 U.S.C. § 1447(d) provides:
>
> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Although there are a number of exceptions to § 1447(d)'s general rule, the Supreme Court has interpreted the provision in conjunction with 28 U.S.C. § 1447(c) to preclude review of remand orders based on a defect in removal procedure or lack of subject matter jurisdiction.[1] *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Thermtron Prods. Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976); *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996). The issue is not whether the court's remand order was correct, but whether it was based on an actual or perceived defect in the defendant's removal procedure or on lack of subject matter jurisdiction. *See Blackwater Sec. Consulting, LLC v. McQuown*, 460 F.3d 576, 585 (4th Cir. 2006) (finding no appellate review available where the district court based its remand order on the perception that removal was improper for lack of subject matter jurisdiction, even though § 1447(c) was not explicitly cited).

Because the remand order and accompanying memorandum in this case were grounded in the original defendants' failure to file a timely removal notice in which defendant Johnson could

---

[1] Section 1447(c) provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

join, 28 U.S.C. § 1447(d) bars review of the remand order "on appeal or otherwise."[2] My opinion in *Ford v. Baltimore Dep't of Soc. Servs.*, 2006 WL 3324896 (D. Md. 2006) [*Ford I*] relied heavily on the Fourth Circuit's interpretation in *McKinney v. Bd. of Tr. of Md. Cmty. Coll.*, 955 F.2d 924, 926-28 (4th Cir. 1992), of the thirty-day removal requirement under 28 U.S.C. § 1446(b) and held that the failure of the original defendants to file a timely notice of removal rendered later-served defendant Johnson's removal invalid under § 1446(b).[3] Noncompliance with § 1446(b)'s timeliness requirements constitutes a defect in removal procedure within the scope of § 1447(c).[4] *See Things Remembered*, 516 U.S. at 128; *see also Wisconsin Dep't of*

---

[2] The Fourth Circuit has interpreted the term "otherwise" to include district court review or reconsideration of a remand, concluding that "§ 1447 divests a district court of jurisdiction upon the entry of its remand order." *See In re Lowe*, 102 F.3d at 735; *Three J. Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979) (holding that a district court is divested of all jurisdiction in a case and precluded "from entertaining any further proceedings of any character" on the date of entry of the remand order). Even assuming, however unlikely, that a stay does not fall within the meaning of the term "otherwise," and assuming this court had jurisdiction to grant defendants' motion, § 1447(d) appears to bar review of the remand order on appeal. *See Things Remembered*, 516 U.S. at 127-28; *Three J. Farms*, 609 F.2d at 115. Thus, defendants appear to have little or no likelihood of success on the merits of their case.

[3] Also weighing in favor of remand in *Ford I* were considerations of fairness in light of the underlying goal of § 1446(b) to prevent "undue delay in removal and the concomitant waste of state judicial resources." *See Lovern v. Gen. Motors Corp.*, 121 F. 3d 160, 163 (4th Cir. 1997). Similarly, Congress enacted § 1447(d) to "prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *See Thermtron*, 423 U.S. at 351; *see also Lowe*, 102 F.3d at 734-35. Accordingly, a stay is inappropriate under the present circumstances.

[4] Defendants argue Johnson's removal was timely, and was rendered invalid only by the judicially-created rule of unanimity, which does not constitute a procedural defect. The rule of unanimity, however, is grounded in statutory interpretation. *See Chicago, Rock Island & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900) (explaining the rule of unanimity as understood by the Act of March 3, 1887), *Thermtron*, 423 U.S. at 346-350 (describing the history of the federal removal statute and noting, "Section 1447(d) has its roots in the Act of March 3, 1887"). Moreover, as explained in *Ford I*, a removal that violates the *McKinney* rule is not timely. Defendants' assertions to the contrary are merely an attempt to restate their original argument that this court should disregard strong Fourth Circuit dictum and adopt the "last-served" defendant rule, which I again decline to do.

4

*Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (explaining that a removal held defective "because the removal took place after relevant time limits expired" falls within the ambit of § 1447(c)); *Raeford v. Equicredit Corp. of NC*, 310 F. Supp. 750, 753 (M.D.N.C. 2004) (refusing to stay remand order based on timely raised defect in removal procedure, reasoning that decision was not reviewable on appeal under 28 U.S.C. § 1447(d)).  Under § 1447(d), therefore, this court was divested of jurisdiction to entertain further proceedings in this case upon entry of the remand order.  Consequently, plaintiffs' motion to stay will be denied.

  A separate order follows.

  <u> January 23, 2007 </u>          <u>    /s/         </u>
     Date                      Catherine C. Blake
                             United States District Judge